# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEVON CORRAL,

        Plaintiff,

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

Case No. 8:23-cv-972-JRK

## **OPINION AND ORDER**[2]

### **I.   Status**

Devon Corral ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her[3] claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of back pain and "mental health problems" including severe obsessive-compulsive disorder, disassociation, depression, and anxiety. Tr. at 72, 81.

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed June 30, 2023; Reference Order (Doc. No. 13), entered July 3, 2023.

[3] The record contains various pronouns to describe Plaintiff, but Plaintiff prefers the use of female pronouns. See Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed June 29, 2023, at 20, 429, 496.

Plaintiff protectively filed an application for SSI on December 9, 2020, alleging a disability onset date of November 15, 2020. Tr. at 234-40; see also Tr. at 72, 81.[4] The application was denied initially, Tr. at 72-78, 79, 108-11, 113-16, and upon reconsideration, Tr. at 80, 81-89, 137-38, 140-41.[5]

On October 3, 2022, an Administrative Law Judge ("ALJ") held a hearing,[6] during which Plaintiff (represented by counsel), a vocational expert ("VE"), and Plaintiff's adoptive father testified. Tr. at 35-71. On October 31, 2022, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 17-28.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her representative. See Tr. at 4-5 (Appeals Council exhibit list and order), 211-20 (request for review), 445-49 (brief). On March 7, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On May 4, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g), as

---

[4] The administrative transcript also contains an application for and denial of disability insurance benefits (DIB) because Plaintiff did not have enough work credits. Tr. at 95-97, 224-25. That denial is not at issue here.

[5] Some of these cited documents are duplicates.

[6] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 37-38, 158-71, 175-76, 202.

incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred at step five in finding Plaintiff can perform work that exists in significant numbers in the national economy after "fail[ing] to include limitations related to Plaintiff's work pace and/or speed in the [residual functional capacity ('RFC')]." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 22; "Pl.'s Mem."), filed October 17, 2023, at 3 (emphasis and capitalization omitted). On November 15, 2023, Defendant responded to Plaintiff's argument by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem."). After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   **The ALJ's Decision**

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 19-27. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since December 9, 2020, the application date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: Disorders of the skeletal spine; trauma and stressor related disorders; and anxiety and obsessive-compulsive disorders." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b). Function by function, [Plaintiff] can perform light

> exertion work activities as defined in the regulations with the following specific limitations: lift and/or carry 20 pounds occasionally; lift and/or carry 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday. [Plaintiff] may occasionally climb ladders/ropes/scaffolds, frequently climb ramps/stairs, and stoop. [Plaintiff] must avoid concentrated exposure to hazards. [Plaintiff] is able to understand, carry out, and remember simple, routine, and repetitive tasks; involving only simple, work-related decisions with the ability to adapt to routine work place changes. [Plaintiff] would be off-task five (5%) percent of the day and miss one workday per quarter.

Tr. at 21 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 26 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("24 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "marker," "cleaner," and "router," Tr. at 26 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since December 9, 2020, the date the application was filed." Tr. at 27 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported

by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff challenges the ALJ's finding at step five that she can perform work that exists in significant numbers in the national economy, but she focuses on the ALJ's assessment of her RFC (that occurred prior to step five). See Pl.'s

Mem. at 3-5. According to Plaintiff, she has been diagnosed with dyspraxia and the ALJ overlooked the diagnosis and its effects in determining the RFC. Id. at 4-5. Responding, Defendant argues that the ALJ assigned an RFC that is consistent with the evidence. Def.'s Mem. at 5-15.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ adequately assessed the evidence before him, ultimately arriving at an RFC that is supported by substantial evidence. To begin, the ALJ discussed Plaintiff's and her adoptive father's testimony. Tr. at 22-23. Plaintiff's adoptive father, Kent Corral, is a board-certified internal medicine physician.

Tr. at 42-43. Dr. Corral testified about the medical and developmental effects of Plaintiff's conditions, which largely stem from an intrauterine stroke and other birth-related complications. Tr. at 43-53. The ALJ in the Decision specifically recognized Dr. Corral's testimony that Plaintiff "has a history of dyspraxia and dyscalculia." Tr. at 22; see Tr. at 48-50 (testimony). Although the ALJ did not summarize Dr. Corral's explanation of the effects of these conditions, Dr. Corral testified the dyspraxia, a "learning disability," affects Plaintiff's "ability to mentally think of what to do and then make a function of doing it." Tr. at 48. Moreover, according to Dr. Corral, the dyscalculia is "a poor capability for using numbers for all kinds of different things" and a "unique inability to make numbers part of [Plaintiff's] daily living." Tr. at 49-50.

In challenging the ALJ's alleged omission of the dyspraxia and its effects, Plaintiff relies solely on Dr. Corral's testimony, as well as certain notations made by Brian Dragstedt, Psy.D., who evaluated Plaintiff in 2015 and 2022. See Pl.'s Mem. at 4-5. The ALJ, however, discussed in detail the reports of Dr. Dragstedt. See Tr. at 23-24 (ALJ discussing 2015 report [8]), 24-25 (ALJ discussing 2022 report[9]). Of note, Dr. Dragstedt did not diagnose dyspraxia or

---

[8] In this discussion, the ALJ did not refer to Dr. Dragstedt by name but cited Exhibit 2F, which is Dr. Dragstedt's 2015 report. See Tr. at 23-24 (ALJ's Decision), 451-59 (Dr. Dragstedt's report).

[9] Dr. Dragstedt's 2022 report is located in the administrative transcript at pages 495-500.

dyscalculia; instead, he diagnosed unspecified "Neurocognitive Disorder Due to Stroke." Tr. at 459, 500. The ALJ specifically recognized Dr. Dragstedt's finding that Plaintiff "is likely to require additional time to learn new tasks and apply newly learned skills" and will "require a low-stress environment." Tr. at 25. The ALJ found Dr. Dragstedt's opinion "generally persua[sive]." Tr. at 25.

In assessing the RFC prior to step five, the ALJ stated that Plaintiff "has admitted to a wide range of independent activities of daily living that are not consistent with a totally disabled individual." Tr. at 25. The ALJ further stated that the assigned RFC for "unskilled[] work at a light level exertion" contains "significant limitations" and "more than adequately considers [Plaintiff's] subjective allegations, but only those allegations that are reasonably supported by the medical evidence of record." Tr. at 25. In the RFC itself, the ALJ limited Plaintiff further to "understand[ing], carry[ing] out, and remember[ing] simple, routine, and repetitive tasks" that "involve[e] only simple, work-related decisions with the ability to adapt to routine work place challenges." Tr. at 21. The ALJ further found Plaintiff "would be off-task five . . . percent of the day and miss one workday per quarter." Tr. at 21. These findings adequately take into account the evidence and medical opinions and need not be disturbed. Accordingly, the ALJ did not err in finding at step five that Plaintiff is able to perform work that exists in significant numbers in the national economy.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 15, 2024.

*[signature: James R. Klindt]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record